UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REMIGIO MELENDREZ and
MISTY MELENDREZ, husband
and wife,

    Plaintiffs,

    v.                                                                                   CIV. NO. 04-395 ACT/RHS

PUBLIC SERVICE COMPANY OF NEW
MEXICO ALBUQUERQUE, a New Mexico
corporation; and CHUCK ARATER, an
individual,

    Defendants/ Third Party Plaintiffs,

    v.

AMERICAN GUARANTEE AND LIABILITY
COMPANY, THATCHER COMPANY OF
ARIZONA, and MARSH USA INC.,

    Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Third Party Defendant Thatcher Company of Arizona's Motion to File Third Party Complaint for Negligence, Indemnification, Contribution and Restitution filed January 28, 2005. Docket No. 70. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Third Party Defendant Thatcher Company of Arizona's ("Thatcher") Motion is not well taken and will be denied.

Factual and procedural history.

On April 9, 2004, Plaintiffs Remigio Melendrez and Misty Melendrez filed a Complaint in the

United States District Court for the District of New Mexico against Defendants/Third Party Plaintiffs Public Service Company of New Mexico ("PNM") and Chuck Arater ("Arater") arising from an accident that occurred on April 11, 2001. Plaintiff is alleging he suffered personal injuries while delivering sulfuric acid to PNM's Reeves Station power plant.

PNM had contracted with Thatcher to provide sulfuric acid to PNM at the Reeves Station. PNM had hired B.J. Cecil Trucking, Inc., ("Cecil Trucking") to deliver the sulfuric acid to PNM. Plaintiff Remigio Melendrez was as an employee of Cecil Trucking when he delivered the sulfuric acid to PNM.

On October 15, 2004, PNM and Arater filed a First Amended Third Party Complaint ("First Amended Third PartyComplaint") against, *inter alia*, Thatcher. Docket No. 29. In the sole count against Thatcher, Count VI, PNM and Arater allege that Thatcher breached the Purchase Agreement in failing to procure body injury liability insurance ("CGL insurance") that included PNM as an additional insured. PNM and Arater further allege that Thatcher's refusal to defend and indemnify PNM and Arater is a breach of the Purchase Agreement.

On January 24, 2004, PNM and Arater identified John R. Sexton as an expert witness. In his report of November 23, 2004, Mr. Sexton stated that Plaintiff Remigio Melendrez' conduct contributed to the severity of his injury. Thatcher asserts as grounds for this motion that if it is liable to PNM, then Thatcher is entitled to indemnification from Cecil Trucking.

<u>Legal standard.</u>

The substantive issues in this matter are determined by New Mexico law since the jurisdiction of this court is based on diversity of citizenship. 28 U.S.C. § 1332(a); *Erie R. Co., v. Tompkins*, 304 U.S. 64 (1938). The procedural issues are governed by federal law. *Gasperini v. Center for*

*Humanities, Inc.,* 518 U.S. 415 (1996), rev'd in part on other grounds, 149 F.3d 137 (2d Cir. 1998).

Thatcher is seeking to implead Cecil Trucking on the theory that Cecil Trucking has a duty to indemnify Thatcher. Thatcher is also seeking to add an additional claim of negligence against Cecil Trucking.

Whether Thatcher can join Cecil Trucking as a party is governed by Fed. R. Civ. P. 14 which states in part,

> "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff."

Thus, in a diversity action, Rule 14 can only be invoked if the controlling state law provides the third-party plaintiff a substantive, derivative right to recover from the impleaded party. *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1489 (10th Cir. 1983).

Discussion.

In this matter, Thatcher was brought in as a Third Party Defendant and seeks to join Cecil Trucking as a third party Defendant. Thus, proper joinder under Fed.R.Civ.P. 14 requires that Cecil Trucking be liable for all or part of PNM's claim against Thatcher. As stated above, the third-party's potential liability must in some way be dependent upon the outcome of the main claim against the defendant; i.e., "liability must be derivative or dependent upon the outcome of the primary claim against the defendant." *Yelin v. Carvel Corp.*, 119 N.M. 554, 555, 893 P.2d 450 (1995) citing, *inter alia*, 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1446 (2d ed. 1990).

The original claim against Thatcher by PNM and Arater is for breach of contract. In the First Amended Third Party Complaint PNM and Arater allege that Thatcher failed to purchase CGL

insurance as required by the terms of the Purchase Agreement. Plaintiffs assert that the claims Thatcher is requesting to bring against Cecil Trucking has nothing to do with the PNM and Arater's breach of contract claim against Thatcher. Thatcher asserts that the claim is derivative of the original breach of contract claim "because, but for B.J. Cecil's work, PNM would not have sued Thatcher Company of Arizona." Reply, p. 4.

To find that Thatcher may join Cecil Trucking pursuant to Fed. R. Civ. P. 14, the court would have to find that Cecil Trucking may be liable to Thatcher under PNM's breach of contract claim. Thatcher has provided no theory or facts to support such a finding. Again, the fact that the main claim and proposed third-party claim flow from the same background is not determinative. *U.S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771 (10th Cir. 1968) (citing *United States Fidelity & Guar. Co., v. American State Bank*, 372 F.2d 449 (10th Cir. 1967). Thatchers alleged claims against Cecil Trucking do not relate to Thatcher's performance under the Purchase Agreement. Rather, Thatcher alleges that Cecil Trucking was negligent and seeks indemnification, restitution or, in the alternative, contribution. As stated by the New Mexico Supreme Court "[t]he suggestion that a separate and independent claim can be made the proper subject of a third party complaint because, but for the violation of duty alleged the main claim would not have matured, has been rejected by this and other courts." *Yelin*, 119 N.M. at 557, citing *Southeast Mortgage Co v. Mullins*, 514 F.2d 747 (5th Cir. 1975).

In addition, other factors mitigate against joining Cecil Trucking. *City of Wichita, Kansas v. Aero Holdings, Inc.*, 2000 U.S. Dist. LEXIS 22480 (D. Kan. April 7, 2000). Joinder of Cecil Trucking would undoubtedly delay this case. Furthermore, the addition of Cecil Trucking may cause the legal issues in this matter to become more unnecessarily complicated as Mr. Melendrez received

workers' compensation benefits from Cecil Trucking, his employer.

Moreover, the other rules cited by Thatcher do not provide a proper vehicle for joining Cecil Trucking as a party to this case. Under New Mexico comparative fault doctrine, it is not necessary to add Cecil Trucking as a named party. If Thatcher believes Mr. Melendrez was negligent or that Cecil Trucking was negligent in training Mr. Melendrez, their negligence can be compared with that of PNM and Arater. Because fault can be apportioned among persons not parties to this case, N.M. Stat. Ann § 41-3A-1(b), the entity at issue is not a necessary party. Furthermore, using other joinder rules such as Fed. R. Civ. P. 19 and 20 would undermine the use of impleader as set forth in Fed. R. Civ. P. 14(a).

Finally, Thatcher is not being asked to indemnify PNM and Arater for the negligence of Mr. Melendrez or Cecil Trucking. Cecil Trucking has not identified a written or implied contract which would form the basis for a claim of indemnification against Cecil Trucking for the breach of contract claim against Thatcher. Thus, the use of impleader by Thatcher to join Cecil Trucking is not proper.

**IT IS THEREFORE ORDERED** that Third Party Defendant Thatcher Company of Arizona's Motion to File Third Party Complaint for Negligence, Indemnification, Contribution and Restitution filed January 28, 2005, (Docket No. 70) is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**